"In these consolidated cases, Frank Briscoe Company, Inc. and Huber, Hunt & Nichols, Inc., (plaintiffs) request review by the court of the recommended decision of Trial Judge Thomas J. Lydon, filed June 4, 1976 (reported in full at 23 CCF para. 81,463). In his recommended decision, Trial Judge Lydon upheld two determinations of the General *802 Services Board of Contract Appeals (Board) and granted defendant’s motions for summary judgment while denying plaintiffs’. Both cases arise from plaintiffs’ construction of a thirty-two story federal office building in Cleveland, Ohio. The project required extensive Government-ordered changes which resulted in a price increase of almost $3 million and a time extension of 419 days.
"In the first case, No. 28-73, plaintiffs, as prime contractors, challenge the Board’s denial of an equitable adjustment claim they presented on behalf of one of their subcontractors (Frank Briscoe Co., GSBCA No. 3467, 72-2 BCA ¶ 9489). The issue involves a determination of the date from which the subcontractor’s guarantee of the building’s mechanical systems began to run — the date of occupancy or the date of written acceptance. The Board and the Trial Judge both held that defendant’s written acceptance was the event contemplated by the provisions of the contract. We agree and, therefore, adopt Part I of the Trial Judge’s opinion. Plaintiffs are not due an equitable adjustment in Case No. 28-73.
"The second case, No. 148-74, is based on claims for alleged costs resulting from defendant’s change orders. Plaintiffs contest each section of the Trial Judge’s three-part recommended decision. In the first section, the Trial Judge denied plaintiffs’ claim for delay-caused damages. Trial Judge Lydon agreed with the Board that the proffered 'supplemental agreement,’ urged by plaintiffs as legitimizing their claim, was merely a reservation by plaintiffs of a right to seek additional compensation at a later time. (Frank Briscoe Co., GSBCA No. 3330,72-2 BCA 1(9714, reconsideration decision GSBCA No. 3330-R,74-l BCA 1(10,450.)
"In the middle section, the Trial Judge upheld a Board remand (and the terms of that remand) to the Contracting Officer for a determination of:
'Additional amounts, if any, due plaintiffs as equitable adjustments resulting from all change orders in which plaintiffs reserved the right to seek additional costs directly resulting therefrom.’
Recommended Opinion at 56.
*803 In the last section, plaintiffs’ claim for summary judgment on the grounds of breach of contract was denied by the Trial Judge. In addition, the Trial Judge denied plaintiffs a trial de novo in this court on the breach issue.
"We agree with the first two sections of the Trial Judge’s recommended opinion in Case No. 148-74. Plaintiffs motion for summary judgment on delay costs should be denied. We concur with the Trial Judge in re the middle section and uphold the Board remand. In addition, we affirm Trial Judge Lydon’s denial of plaintiffs’ motion for summary judgment on the breach of contract issue.
"However, upon review of plaintiffs’ submissions, we think that plaintiffs are due a trial in this court on their claim of breach of contract. This decision is based on plaintiffs’ various, almost disguised, requests for trial, their statement at oral argument that they want to put in new evidence to show breach, and our opinion that plaintiffs in this case should not be penalized for failing clearly to present the request for trial to the Trial Judge.
"Two matters remain for disposition with regard to Case No. 148-74. First, at oral argument, and later by letters, plaintiffs agreed to waive the right of remand to the Contracting Officer for a determination of direct costs stemming from the change orders if this court granted plaintiffs a trial on the breach issue. Because we have granted plaintiffs the trial they sought, their right to remand to the Contracting Officer is thereby waived.
"Finally, while plaintiffs are due a trial on their breach claim, in order to aid the speedy resolution of this case, plaintiffs are hereby directed to file an amended petition. In that petition plaintiffs are to spell out with specificity the factual allegations and legal theories on which they rely. Plaintiffs are to exclude from the breach claim those matters already decided by the court and those costs which have already been administratively determined.
"In summary, we adopt the Trial Judge’s recommended decision in Case No. 28-73. With regard to the second case, No. 148-74, we adopt all of the Trial Judge’s recommended decision except that part pertaining to the denial of plaintiffs’ trial de novo in this court on their breach of contract claim.
*804 "Accordingly, on the administrative record, briefs of the parties, supplemental submissions, and after hearing oral argument,it is ordered that plaintiffs’ motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted in part, and plaintiffs’ request for a trial de novo is granted. Except as to plaintiffs’ breach of contract claim in No. 148-74, the petitions are dismissed. The cause is remanded to the trial division for further proceedings not inconsistent with the above.”
Plaintiffs’ motion for rehearing was denied September 30, 1977.